DEBRA ELLWOOD MEPPEN (SBN: 183885)
MARC A. HOLMQUIST (SBN: 258406)
CAMILLE M. VASQUEZ (SBN: 273377)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Email: dmeppen@gordonrees.com
Email: mholmquist@gordonrees.com
Email: cvasquez@gordonrees.com

Attorneys for Defendants
PLATINUM HR MANAGEMENT, LLC. and
ZLATY KLEIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIYAH ATIAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PLATINUM HR MANAGEMENT, LLC, a limited liability corporation, ZLATY KLEIN, an individual and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. CV14-01877 MMM FFMx<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT AND TO AWARD COSTS AND ATTORNEY FEES**<br><br>Date: July 14, 2014<br>Time: 10:00 a.m.<br>Courtroom: 780 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................2

    A. The Objective Factors Dictate The Parties Are Completely Diverse Because Defendant Klein is a New York Citizen....................2

    B. In Any Event, The Court Should Disregard Ms. Klein's Citizenship For Diversity Purposes Because She Was Fraudulently Joined ......................................................................................4

        1. Plaintiff Pleads Insufficient Facts to Support a Viable Cause of Action for Harassment Against Defendant Klein........5

        2. Plaintiff Pleads Insufficient Facts to Support a Viable Cause of Action for Intentional Infliction of Emotional Distress Against Defendant Klein................................................7

        3. Plaintiff Demonstrated in Her Opposition to Defendant Klein's Motion to Dismiss That Allowing Her to Amend the Complaint Would be Futile..................................................8

    C. Removal Was Proper Under 28 U.S.C. § 1441 (a) and (b) and Plaintiff Is Not Entitled To Recover Costs or Fees............................9

III. CONCLUSION...................................................................................................11

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## TABLE OF AUTHORITIES

Page

**Cases**

*Angie M. v. Sup. Ct.*
37 Cal.App.4th 1217 (1995) ................................................................................ 8

*Balcorta v. Twentieth Century-Fox Film Corp.*
208 F.3d 1102 fn. 6 (9th Cir. 2000) ................................................................. 10

*Bankhead v. American Suzuki Motor Corp.*
529 F.Supp.2d 1329 (MD AL 2008) ................................................................. 3

*Burden v. General Dynamics Corp.*
60 F.3d 213 (5th Cir. 1995) ............................................................................... 5

*Casias v. Wal-Mart Stores, Inc.*
695 F.3d 428 (6th Cir. 2012) ............................................................................. 5

*Gardner v. UICI*
508 F.3d 559 (9th Cir. 2007) ........................................................................... 10

*Garvin v. Southern States Ins. Exchange Co.*
329 F.Supp.2d 756 (2004) ................................................................................. 9

*Janken v. GM Hughes Electronics*
46 Cal.App.4th 55 (1996) ............................................................... 5, 6, 7, 8, 10

*Kanter v. Warner-Lambert Co.*
265 F.3d 853 (9th Cir. 2001) .......................................................................... 2, 4

*Lew v. Moss*
797 F.2d 747 (9th Cir. 1986) .......................................................................... 2, 3

*Lott v. Pfizer, Inc.*
492 F.3d 789 (7th Cir. 2007) ........................................................................... 10

*Martin v. Franklin Capital Corp.*
546 U.S. 132 (2005) ........................................................................................ 10

*McCabe v. Gen. Foods Corp.*
811 F.2d 1336 (9th Cir. 1987) ........................................................................... 4

*Michaelin v. State Comp. Ins. Fund*
50 Cal.App.4th 1093 (1996) .............................................................................. 8

## TABLE OF AUTHORITIES

Page

*Miller v. Grgurich*
    763 F.2d 372 (9th Cir. 1985) .................................................................... 3

*Morris v. Princess Cruises, Inc.*
    236 F.3d 1061 (9th Cir. 2001) .................................................................. 4

*Noreiga v. Lever Bros. Co., Inc.*
    671 F.Supp. 991 (S.D. NY 1987) .......................................................... 2, 4

*Reno v. Baird*
    18 Cal.4th 640 (1998) ................................................................. 5, 6, 7, 10

*Sheppard v. Freeman*
    67 Cal.App.4th 339 (1998) ....................................................................... 5

*Washington v. Hovensa LLC*
    652 F.3d 340 (3d Cir. 2011) ..................................................................... 3

**Statutes**

28 United States Code
    section 1441 ............................................................................................. 9

28 United States Code
    section 1447 ........................................................................................... 10

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-iii-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT AND TO AWARD COSTS AND ATTORNEY FEES

## I. INTRODUCTION

Defendants appropriately removed the case to this Court based on complete diversity of citizenship. Even if the Court concludes that Defendant Klein, like Plaintiff, is a California citizen, removal was nevertheless proper because Plaintiff fraudulently joined Ms. Klein as a defendant in an effort to destroy citizenship, and the Court should therefore disregard Ms. Klein's citizenship. In either event, the Court should deny Plaintiff's Motion for Remand.

There is no dispute that Plaintiff is a California citizen and that Defendant Platinum is a citizen of both New York and Florida based on its owners' citizenship. Defendant Klein, however, is a citizen of New York, not California as Plaintiff claims. Ms. Klein has maintained a residence in New York for about 24 years, and only recently established a part-time California residence in order to help Platinum establish a California branch office. At that time and at all times since, she has retained a New York residence, considers New York to be her home, and does not intend to remain in California indefinitely. Citizenship is therefore completely diverse and Plaintiff's motion fails for this reason alone.

Even if one were to overlook the evidence supporting Ms. Klein's New York citizenship, which includes not only Ms. Klein's statements under oath regarding her intent to remain in New York but also numerous objective factors, and conclude that Ms. Klein is a California citizen, removal was still proper under the theory of fraudulent joinder. Plaintiff has not pleaded and cannot plead any cause of action against Ms. Klein, so the Court can disregard her citizenship for purposes of a diversity analysis.

Defendant Klein has moved to dismiss Plaintiff's entire Complaint against her, comprising the eighth, tenth, and eleventh causes of action for Harassment, Intentional Infliction of Emotional Distress ("IIED"), and Breach of Contract, respectively. The Court will hear that motion along with this one. As Defendant Klein explains in the Motion to Dismiss and its associated Reply brief, Plaintiff has

-1-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT AND TO AWARD COSTS AND ATTORNEY FEES

not stated and is unable to state any claim against Ms. Klein. Plaintiff pleads only that Ms. Klein engaged in personnel management activity of the sort the California Supreme Court has held is not actionable against an individual manager. Plaintiff argues that because a harassment cause of action can sometimes succeed against an individual defendant her pleading is necessarily adequate. (Motion for Remand p. 1:14-18.) Plaintiff ignores the well-settled California case law that blocks her attempt to assert causes of action against Defendant Klein based on the particular allegations Plaintiff makes in the Complaint. It does not matter that an individual can sometimes, as a general theory or based on some hypothetical allegations not asserted here, be liable for harassment. Here, the scant factual allegations Plaintiff pleads do not, as a matter of law, support any cause of action against Ms. Klein individually. Plaintiff's motion fails for this additional reason.

The Court should deny Plaintiff's Motion for Remand.

## II. ARGUMENT

### A. The Objective Factors Dictate The Parties Are Completely Diverse Because Defendant Klein is a New York Citizen.

An individual's citizenship for purposes of diversity is measured by the person's domicile; a person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is determined by her physical presence in a location coupled with an intent to remain indefinitely, more than temporarily. *Lew v. Moss*, 797 F.2d 747 at 750 (9th Cir. 1986). Actions speak louder than words in determining domiciliary intent, which is gauged by objective factors including length of residence, employment, location of assets, voting registration, address on driver's license, and the like. *See, e.g., Noreiga v. Lever Bros. Co., Inc.*, 671 F.Supp. 991, 993 (S.D. NY 1987) [plaintiff held a citizen of New Jersey where she resided in New York but stated she did not intend to remain permanently, and where she retained a New Jersey address, phone number, driver's

-2-

license, and car registration]. Moreover, domicile once established is presumed to continue until it is shown to have changed. (*See Lew*, 797 F.2d at 750; *Washington v. Hovensa LLC*, 652 F.3d 340 at 345 (3d Cir. 2011).)

Defendant Klein was, at the time the action was commenced in state court, and is still, a citizen of the State of New York because she is a United States citizen domiciled in New York. Facts supporting Ms. Klein's New York domicile are set forth in the Declaration of Zlaty Klein accompanying Defendants' Notice of Removal, which Defendants incorporate herein by reference.[1] In summary, she has maintained a residence in New York for about 24 years, and only recently established a part-time California residence to help Platinum establish a California branch office. (Declaration of Zlaty Klein ("Klein Decl.") ¶ 2, 3.) At that time and at all times since, however, she retained a New York residence and did not intend to remain in California indefinitely. (Klein Decl., ¶ 3, 4.) Klein spends part of the year in New York and part of the year in California, though during the latter period she frequently returns to New York. (Klein Decl., ¶ 3, 4.) She has always maintained a New York residence, considered New York to be her home, and intends to return to New York as a full-time resident. (Klein Decl., ¶ 3.) Klein owns property and businesses in New York, but not in California. (Klein Decl., ¶ 5.) Klein has a New York driver's license, not California, and she is registered to vote in New York, not California. (Klein Decl., ¶ 6.)

In Plaintiff's motion, she concludes Defendant Klein is a citizen of California because she has resided in Los Angeles for over three years and because Ms. Klein is an agent for service of process in California. Plaintiff omits, however,

---

[1] It is also Plaintiff's Exhibit 2 to the Motion for Remand. Plaintiff's Exhibit 4 is the Notice of Removal. Further, in ruling on a remand motion, the Court will determine removability from the complaint as it existed at the time of removal, together with the removal notice. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Moreover, where a remand motion challenges subject matter jurisdiction as this one does (rather than a procedural defect), the Court "may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Bankhead v. American Suzuki Motor Corp.*, 529 F.Supp.2d 1329, 1334 (MD AL 2008).

-3-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT AND TO AWARD COSTS AND ATTORNEY FEES

the fact that Ms. Klein has maintained a continued residency in New York for the entire time she has been in Los Angeles. In fact, Klein only spends part of each year in California, traveling frequently back to her home in New York. As above, an individual's citizenship for purposes of diversity is measured by the person's domicile, which is the place she resides with the intention to remain or the place to which she intends to return. *Kanter*, 265 F.3d at 857. Plaintiff's reliance on Ms. Klein's part-time, temporary Los Angeles residence as dispositive of citizenship is misplaced. Defendant Klein is in Los Angeles on a part-time basis in order to help Platinum establish a California branch office. Klein's move to California is by no means permanent.

In *Noreiga v. Lever Bros. Co., Inc.*, 671 F.Supp. 991, 993 (S.D. NY 1987), the Court held plaintiff was a citizen of New Jersey even though she resided in New York. The Court found that because plaintiff stated she did not intend to remain in New York permanently, and she retained a New Jersey address, phone number, driver's license, and car registration, she was a considered a New Jersey citizen. Likewise, Defendant Klein's mere residence in Los Angeles is not sufficient establish citizenship. The great weight of the objective factors as well as Ms. Klein's statements under oath regarding her intentions establish New York citizenship.

**B.    In Any Event, The Court Should Disregard Ms. Klein's Citizenship For Diversity Purposes Because She Was Fraudulently Joined.**

The Ninth Circuit has established that, for the joinder of a non-diverse defendant to be deemed fraudulent, the plaintiff must fail to state a cause of action against the non-diverse defendant, and the failure must be "obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067- 1068 (9th Cir. 2001) [Ninth Circuit holds that an individual was fraudulently

-4-

joined where allegations of "puffing" or mere sales talk did not, as a matter of settled state law, constitute actionable negligent misrepresentation].

As explained below in Defendants' Notice of Removal, and Defendant Klein's Motion to Dismiss, based upon the facts alleged in the Complaint there is no possibility that Plaintiff can recover against Defendant Klein for FEHA Harassment or IIED.[2]

Other federal appellate circuits have also found a fraudulent joinder under facts like those at issue here. For example, the Fifth Circuit held that a supervisor was fraudulently joined in an IIED cause of action to defeat diversity because he could not as a matter of law be held liable under applicable state law where there was no allegation of extreme or outrageous conduct. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995). The Sixth Circuit held the same where the employee alleged a wrongful termination claim against a nondiverse manager whom, according to state law, could not be held liable because he did not participate in the termination decision. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433-434 (6th Cir. 2012). As explained below, according to well-settled California law Plaintiff has not sufficiently pleaded any viable cause of action against Ms. Klein.

### 1. Plaintiff Pleads Insufficient Facts to Support a Viable Cause of Action for Harassment Against Defendant Klein.

California law is well-settled that only the employer, not individual supervisory employees, may be held liable under the FEHA and related employment causes of action for hiring, firing, and personnel practices, regardless of the employee's motive. *Reno v. Baird,* 18 Cal.4th 640, 645 (1998); *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996); *Sheppard v. Freeman*, 67 Cal.App.4th 339, 345-349 (1998). In *Reno*, the California Supreme Court held that

---

[2] Plaintiff concedes that her cause of action against Ms. Klein for Breach of Contract lacks merit.

-5-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT AND TO AWARD COSTS AND ATTORNEY FEES

only the employer, not individual supervisory employees, may be held personally liable under FEHA for discriminatory hiring, firing, and personnel practices. *Reno*, 18 Cal.4th at 645. In so holding, the Supreme Court agreed with an earlier California Court of Appeal decision, *Janken*, which reasoned that FEHA discrimination claims arise "out of the performance of necessary personnel management duties." *Janken*, 6 Cal.App.4th at 63. The *Reno* Court also wrote: "We do not decide merely whether individuals should be held liable for their wrongdoing, but whether all supervisors should be subjected to the ever-present threat of a lawsuit each time they make a personnel decision. Litigation is expensive for the innocent as well as the wrongdoer." *Reno*, 18 Cal. 4th at 663. *Reno* held that in limiting the threat of lawsuit to the employer, it struck a balance "between the goals of eliminating discrimination in the workplace and minimizing the debilitating burden of litigation on individuals." (*Ibid.*)

While individuals may be held liable under the FEHA for harassment, California courts employ the concept of "delegable authority" to distinguish between conduct actionable as discrimination (against the employer only), and conduct actionable as harassment (against the individual employee as well). *Reno*, 18 Cal.4th at 646.

Here, Plaintiff alleges no facts that could possibly constitute harassment; she alleges only personnel management activity that is exactly the type of conduct California courts have held cannot support claims against individual managers acting as the employer's agent. Plaintiff has alleged that Klein put her on a performance improvement plan and then terminated her, allegedly based on Plaintiff's pregnancy. (Compl. at ¶14-16.) Those are, quite literally, the only actions that Plaintiff alleges Klein took against her, and both fall squarely within the concept of "delegable authority." Those personal management actions cannot, as a matter of law, constitute harassment or extreme and outrageous conduct to support a claim for emotional distress.

1 Plaintiff argues that the Court should favor remand when faced with a
2 "borderline situation" on a motion for remand. (Motion for Remand p. 8:6.) This
3 is anything but borderline. California case law establishes that Plaintiff's
4 purported claims against Ms. Klein fail. Incredibly, even though Defendants cited
5 and discussed *Reno* and *Janken* in the Notice of Removal, the Motion to Dismiss,
6 and the Reply brief supporting the Motion to Dismiss, Plaintiff has yet to address
7 those cases or their effect in any brief she has submitted, even in the Motion for
8 Remand. Plaintiff's refusal to look at the cases will not make them go away.

9 Finally, Plaintiff argues that Ms. Klein can be held liable for FEHA
10 Harassment on an "aid and abet" theory. This last-ditch argument, which
11 implicitly acknowledges that Plaintiff's claims against Ms. Klein fail on any other
12 theory, also fails for several reasons. First, Plaintiff has not pleaded the theory.
13 She claims she pleaded "aiding and abetting" in the Complaint at paragraphs 2-4
14 (*see* Motion for Remand at p.8:28-9:25), but the Complaint pleads no such thing at
15 those paragraphs or anywhere else—not even a bare legal conclusion. Second,
16 assuming *arguendo* Plaintiff had pleaded facts to support the theory, the "aid and
17 abet" argument still fails under the *Janken* and *Reno* analysis. Indeed, Plaintiff
18 alleges no facts that could possibly constitute harassment under an aid and abet
19 theory or otherwise; she alleges only personnel management activity that is exactly
20 the type of conduct California courts uniformly hold cannot support claims against
21 individual managers acting as the employer's agent. An employee acting pursuant
22 to delegable authority from the employer and performing personnel management
23 functions is shielded from FEHA claims of whatever sort.

24       **2.**     **Plaintiff Pleads Insufficient Facts to Support a Viable Cause**
25            **of Action for Intentional Infliction of Emotional Distress**
26            **Against Defendant Klein.**

27 As to IIED specifically, *Janken* put a fine point on it: "Managing personnel
28 is not outrageous conduct beyond the bounds of human decency, but rather conduct

-7-

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Janken*, 46 Cal.App.4th at 80.

While the foregoing alone is sufficient to mandate dismissal of this cause of action, Plaintiff has also failed to adequately plead specific facts demonstrating that she has suffered severe emotional distress, as required. *Michaelin v. State Comp. Ins. Fund,* 50 Cal.App.4th 1093, 1114 (1996). A plaintiff must allege the "nature, extent or duration of her alleged emotional distress." *Angie M. v. Sup. Ct.*, 37 Cal.App.4th 1217, 1227 (1995). Plaintiff has alleged in the most boilerplate fashion that she has suffered "severe emotional distress, including, but not limited to depression and anxiety." (Compl., ¶ 89.) These allegations do not identify the nature, extent or duration of the alleged mental distress. Plaintiff's pleading of this claim fails as a result.

### 3. Plaintiff Demonstrated in Her Opposition to Defendant Klein's Motion to Dismiss That Allowing Her to Amend the Complaint Would be Futile.

Plaintiff, realizing that the current pleading is insufficient, submitted a declaration in her Opposition to the Motion to Dismiss attempting to show the Court that she would be able to amend the complaint if allowed the opportunity. The declaration, however, only confirms that Plaintiff could not sufficiently amend, and that the Court should not grant her leave to amend.

Plaintiff would apparently amend to include the following facts:

(i) Klein made the workplace unprofessional and uncomfortable (how, Plaintiff does not say).

(ii) Klein spread rumors about Plaintiff and made defamatory statements about Plaintiff behind her back (what rumors and what statements,

-8-

Plaintiff does not say).

(iii) Klein undermined Plaintiff including by giving Plaintiff's coworkers directions behind her back and then denied doing so.

(iv) Klein discussed with Plaintiff Klein's personal issues including her marital difficulties.

Even if those allegations were true, none of them supports claims against Klein for harassment or IIED. First, none are linked to Plaintiff's pregnancy. In fact, the declaration reads as though all of the foregoing occurred before Plaintiff gave notice of her pregnancy in July, 2013, just days before her termination. At best, the declaration is unclear about the timing of and basis for the alleged conduct. Plaintiff does not (and cannot) state that any of that conduct was based on her pregnancy. It is no mistake that Plaintiff's declaration does not even state that conclusion, let alone facts to support the conclusion—Plaintiff cannot truthfully say that.

While Plaintiff may intend to use the newly-alleged facts in an attempt to show the reasons why she was performing so poorly that Defendants decided to terminate her (e.g., by way of an allegation that Ms. Klein was undermining her ability to perform), the facts simply do not support a claim against Klein for harassment or IIED based on Plaintiff's pregnancy. Accordingly, the Court need not grant Plaintiff leave to amend. She has shown that it would be futile.

If the Court is nevertheless inclined to allow Plaintiff to amend her Complaint in response to Defendant's Motion to Dismiss, it should deny Plaintiff's remand motion because the pleading as it existed at the time of removal did not, and at this time does not, state claims against Klein. *See Garvin v. Southern States Ins. Exchange Co.*, 329 F.Supp.2d 756 (2004).

C. **Removal Was Proper Under 28 U.S.C. § 1441 (a) and (b) and Plaintiff Is Not Entitled To Recover Costs or Fees**.

For the reasons described above and in Defendants' Notice of Removal,

-9-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT AND TO AWARD COSTS AND ATTORNEY FEES

Defendants properly removed Plaintiff's claims. If the Court disagrees, however, Plaintiff should not recover her costs or fees incurred in challenging removal.

There is no automatic entitlement to an attorneys' fee award on remand. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) [Section 1447(c) provides that the court "may require payment of just costs and . . . attorney fees…" (emphasis added)]. An award of costs or fees is not appropriate where a defendant had an objectively reasonable basis for removal. *Ibid.* Indeed, one court held that a district court should not award costs or fees unless "clearly established law foreclose[d] a defendant's basis for removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). An objectively reasonable basis for removal exists, and hence fees should be denied, where the state court complaint fails to state a claim against the removing defendant under "settled rules" of state law. *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007). Here, those "settled rules" dictate that fraudulent joinder exists and removal was appropriate. They also make clear that, if the Court nevertheless decides to remand the case, no award of costs or fees to Plaintiff would be appropriate. In removing this case, Defendants acted reasonably in reliance on the declaration of Ms. Klein establishing her New York citizenship, and on the settled -California case law of *Reno* and *Janken* establishing fraudulent joinder.

Plaintiff cites *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 fn. 6 (9th Cir. 2000). The Court in *Balcorta* affirmed the state court's ruling remanding the case because in his complaint, plaintiff relied exclusively on state law. The Court determined the case should not have been removed to federal court based on federal question jurisdiction because it was wrong to do so as a matter of law where plaintiff's claims all clearly arose out of state law. *Id.* at 1104. Not so here. The law supports removal here based on diversity of citizenship, and any contrary finding, for whatever reason on which such a finding might be based, does not change that Defendants had an objectively reasonable basis for removing the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT AND TO AWARD COSTS AND ATTORNEY FEES

case and an award of attorneys' fees or costs therefore is not warranted.

III. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion for remand to state court.

Dated: June 23, 2014                    GORDON & REES LLP

By: /s/ Camille M. Vasquez
DEBRA ELLWOOD MEPPEN
MARC A. HOLMQUIST
CAMILLE M. VASQUEZ
Attorneys for Defendants,
PLATINUM HR MANAGEMENT, LLC. and ZLATY KLEIN

-11-